IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00019-F

| | |
|---|---|
| THOMAS J. RUSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND |
| ) | MEMORANDUM AND |
| KENNETH RUST ENTERPRISES, ) | RECOMMENDATION |
| d/b/a McDonalds, DOUGLAS ) | |
| HUMPRIES, MICHELLE NOBLES- ) | |
| EVANS, and ADAM LEWIS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence suit in federal court without paying administration costs associated with such proceedings. [DE-1]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application is allowed. However, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), it is recommended that any Equal Pay Act claim be dismissed, that Defendants Douglas Humpries, Michelle Nobles-Evans, and Adam Lewis be dismissed, and that Plaintiff's Title VII and Age Discrimination Employment Act claim, to the extent asserted, against Defendant Kenneth Rust Enterprises, d/b/a McDonalds be allowed to proceed at this time.

## I. STANDARD OF REVIEW

After allowing an application to proceed *in forma pauperis*, the court must still review the allegations of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'"). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

In determining whether a complaint is frivolous, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the Plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Rather, the court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted). In making its frivolity determination, the court may "apply common sense." *Nasim v. Warden., Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995).

Alternatively, in order to state a claim on which relief may be granted, "a complaint must

2

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* In the present case, Plaintiff is proceeding *pro se* and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ANALYSIS

Plaintiff alleges claims against his former employer Kenneth Rust Enterprises, d/b/a McDonalds, a district supervisor Douglas Humpries, and two store managers Michelle Nobles-Evans and Adam Lewis. [DE-1-2] at 1, 3. Plaintiff alleges that he was discriminated against on the basis of his race and age, wrongfully denied a promotion and equal pay, and ultimately terminated. *Id.* at 2-4. Plaintiff seeks back pay, *id.* at 5, and $18 million in damages, [DE-1-1] at 3. Plaintiff asserts that his claims are pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). However, Plaintiff may also seek to assert claims under the Equal Pay Act of 1963 ("Equal Pay Act") and the

3

Age Discrimination in Employment Act ("ADEA").[1] Plaintiff filed a charge with the Equal Employment Opportunity Commission and received a right to sue letter on October 31, 2014. [DE-1-3].

Plaintiff's claims under Title VII, and any ADEA claim to the extent asserted, against Defendants Humpries, Noble-Evans, and Lewis, must be dismissed because these Defendants are supervisors. "It is well settled . . . that supervisors are not liable in their individual capacities under either Title VII or the ADEA." *Darden v. Cumberland Cmty. Action Program, Inc.*, No. 5:13-CV-311-F, 2013 WL 5494080, at *2 (E.D.N.C. Oct. 2, 2013) (unpublished) (citing *Lissau v. S. Food Servs., Inc.*, 159 F.3d 177, 181 (4th Cir.1998) ("[Supervisors are not liable in their individual capacities for Title VII violations."); *McNeal v. Montgomery Cnty., Md.*, 307 F. App'x 766, 775 n.6 (4th Cir. 2009) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA.")).

To the extent Plaintiff attempts to assert a claim under the Equal Pay Act, it must be dismissed for failure to state a claim. "The Equal Pay Act provides that employers cannot pay employees of opposite sexes disparate pay for equal work." *Ramirez-Rodriguez v. Wal-Mart Stores E., L.P.*, No. 5:12-CV-585, 2013 WL 3356566, at *2 (E.D.N.C. July 3, 2013) (unpublished) (citing 29 U.S.C. § 206(d)). "To establish a prima facie case under the Equal Pay Act, Plaintiff must demonstrate that he received lower pay than a female employee performing substantially equal work under similar conditions." *Id.* (citing *Strag v. Bd. of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995)). Plaintiff alleges that a male counterpart received raises while Plaintiff did not. [DE-1-1] at 2. This

---

[1] "An age discrimination claim is not cognizable under Title VII." *Roberts v. Onslow Cnty. Bd. of Educ.*, No. 7:13-CV-39-FL, 2014 WL 5781490, at *4 (E.D.N.C. Aug. 28, 2014) (unpublished) (citing *Zombro v. Baltimore Police Dep't*, 868 F.3d 1364, 1369 (4th Cir.1989)), *adopted by* 2014 WL 5781613 (E.D.N.C. Nov. 6, 2014).

allegation is insufficient to state a claim under the Equal Pay Act.

Accordingly, it is recommended that any Equal Pay Act claim be dismissed, that Defendants Douglas Humpries, Michelle Nobles-Evans, and Adam Lewis be dismissed, and that Plaintiff's Title VII and any ADEA claim against Defendant Kenneth Rust Enterprises, d/b/a McDonalds be allowed to proceed at this time.

### III. CONCLUSION

Fore the reasons stated herein, it is ORDERED that Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that any Equal Pay Act claim be DISMISSED, that Defendants Douglas Humpries, Michelle Nobles-Evans, and Adam Lewis be DISMISSED, and that Plaintiff's Title VII and any ADEA claim against Defendant Kenneth Rust Enterprises, d/b/a McDonalds be ALLOWED TO PROCEED at this time.

SO ORDERED AND SUBMITTED, this the 6 day of February 2015.

Robert B. Jones, Jr.
United States Magistrate Judge