IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00019-F

| | |
|---|---|
| THOMAS J. RUSH, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KENNETH RUST ENTERPRISES, ) | |
| *d/b/a/ McDonalds*, et al., ) | |
|     Defendants. ) | |

This matter is before the court on Defendant Kenneth Rust Enterprises' Motion to Dismiss [DE-19]. Plaintiff has responded, and the matter is now ripe for disposition. For the reasons set forth below, the motion is ALLOWED.

### I.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff Thomas J. Rush reports that he was employed by Defendant Kenneth Rust Enterprises for approximately seven years, from May of 2008 to April of 2014. During that time, Plaintiff, who is a fifty-two year old African-American male, alleges that Defendant discriminated against him based on his age and race by wrongfully denying him a promotion and equal pay and ultimately terminating his employment. Plaintiff filed an EEOC Charge of Discrimination [DE-28] on June 18, 2014, selecting "race" as the basis for discrimination.

On January 28, 2015, Plaintiff commenced this action by filing, *pro se*, a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Application") [DE-1]. Plaintiff sought leave to bring claims alleging (1) violations of the Equal Pay Act of 1963; (2) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (3) age discrimination in violation of the

Age Discrimination in Employment Act ("ADEA"). *See* IFP Application [DE-1]. United States Magistrate Judge Robert B. Jones, Jr., granted Plaintiff's IFP Application and recommended dismissal of the Equal Pay Act claim and of all claims against Defendants Douglas Humpries, Michelle Nobles-Evans, and Adam Lewis. M&R [DE-3] at 1. Plaintiff did not object to the M&R but did file an Amended Complaint [DE-7]. The court adopted Judge Jones's recommendations and dismissed the Equal Pay Act claim and the claims against Humpries, Nobles-Evans, and Lewis. Order Mar. 3, 2015 [DE-8] at 3.

Plaintiff's Amended Complaint [DE-7] omits his ADEA claim but continues to assert claims of race discrimination and violations of the Equal Pay Act. Defendant Kenneth Rust Enterprises filed the instant Motion to Dismiss [DE-19] on July 22, 2015, arguing that Plaintiff has failed to exhaust his administrative remedies and has failed to state a claim entitling him to relief.

## II. STANDARD OF REVIEW

"The district courts of the United States are courts of limited subject matter jurisdiction." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). They are not courts of general jurisdiction, and only possess the jurisdiction authorized them by the United States Constitution and by federal statute. *Id.*; *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc). When a federal court lacks subject matter jurisdiction, the case must be dismissed. *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (en banc); *Vuyyuru*, 555 F.3d at 347; *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007) ("subject matter jurisdiction concerns a court's very power to hear a case").

Prior to filing suit under Title VII or the ADEA, a plaintiff must exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). 42

U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)(1). Suits under Title VII or the ADEA are limited in scope to the allegations contained in the the EEOC charge. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). However, administrative exhaustion does not require that a plaintiff include a verbatim recitation of his EEOC charge in his subsequent complaint. *See Sydnor v. Fairfax County, Virginia*, 681 F.3d 591, 594 (4th Cir. 2012). Rather, subsequent litigation "may encompass claims 'reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint.'" *Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 669 (4th Cir. 2015) (quoting *Evans*, 80 F.3d at 963).

### III. DISCUSSION

#### A. Title VII Race Discrimination

Defendant argues that the court lacks jurisdiction over Plaintiff's race discrimination claims due to his failure to exhaust his administrative remedies with the EEOC. *See* Mem. Supp. Mot. Dismiss [DE-20] at 6. The court agrees with Defendant that the factual allegations contained in Plaintiff's Amended Complaint and his EEOC charge are different. In Plaintiff's EEOC charge, he refers to being passed over for a maintenance position in favor of a Caucasian employee. *See* EEOC Charge [DE-28] at 3. In his Amended Complaint, Plaintiff alleges that he was not paid for work he did while a Caucasian employee received raises for the same type of work. *See* Am. Compl. [DE-7] at 4. These differing factual allegations may arise from the same alleged acts of discrimination, or they may not. It is impossible for the court to tell based on the record. Thus, the court agrees with Defendant that this matter should be dismissed for failure to exhaust administrative remedies. Because the court

3

believes it may be possible for Plaintiff to allege facts sufficiently to show exhaustion, the dismissal will be without prejudice to refile.[1]

## B. *ADEA Age Discrimination*

Defendant argues that Plaintiff dropped his ADEA claim when he failed to include it in his Amended Complaint [DE-7]. *See* Mem. Supp. Mot. Dismiss [DE-20] at 6. Plaintiff claims that he did not intend to drop his ADEA claim against Defendant Kenneth Rust Enterprises, but only against the individual defendants who were dismissed by the court's Order of March 3, 2015. *See* Resp. [DE-25] at 2. Alternatively, Defendant argues that Plaintiff has failed to exhaust his administrative remedies with regard to that claim. *See* Mem. Supp. Mot. Dismiss [DE-20] at 6.

Even if Plaintiff's Amended Complaint raises a claim under the ADEA, Defendant is correct that the EEOC charge lists only race as a basis for discrimination. *See* EEOC Charge [DE-28] at 3. Because Plaintiff failed to allege age discrimination before the EEOC, he has not exhausted his administrative remedies with regard to that claim. Like the race discrimination claim discussed above, the age discrimination claim must be dismissed for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [DE-19] is ALLOWED. Plaintiff's claim under the Equal Pay Act is DISMISSED. Plaintiff's Title VII claim is DISMISSED without prejudice to refile. To the extent Plaintiff has brought a claim under the ADEA, that claim is also DISMISSED without prejudice to refile.

---

[1] Defendant also argues that Plaintiff has failed to state a claim under Rule 12(b)(6). See Mem. Supp. Mot. Dismiss [DE-20] at 6. Because the court finds it lacks subject matter jurisdiction, it declines to reach the Rule 12(b)(6) determination.

4

SO ORDERED.

This the __10__ day of November, 2015.

                                    *James C. Fox*
                                    James C. Fox
                                    Senior United States District Judge